STATE OF OREGON *v.* CHARLES BAKER ET AL.

[S. C. 32 Pac. Rep. 161.]

1. CRIMINAL LAW—EVIDENCE OF OTHER CRIMES.—It is a general rule, that evidence of a distinct crime other than the one laid in the indictment cannot be given in evidence against the prisoner, but it is not error to admit evidence showing that property found in defendants' possession at the time of their arrest, other than that described in the indictment, was stolen property, where such evidence is so intermingled and connected with the evidence tending to show that defendants committed the crime charged as to form one entire transaction. The purpose of such evidence should, however, be explained to the jury.

2. CRIMINAL LAW—READING PAPERS NOT IN EVIDENCE.—It is error in a criminal case to permit the district attorney in his closing argument to read an affidavit of defendant used on a motion at a previous term for a continuance to procure absent witnesses, and to comment upon the fact that these witnesses are not called on the trial, and to permit the jury to take the affidavit to their room, without its having been admitted in evidence.

Linn County: REUBEN P. BOISE, Judge.

Charles Baker and F. S. Phelps were convicted of larceny, and appeal. Reversed.

*J. K. Weatherford,* and *W. S. McFadden,* for Appellants.

*Geo. E. Chamberlain,* attorney-general, and *Jas. McCain,* district attorney, for the state.

BEAN, J.—The defendants were indicted, tried and convicted of the crime of larceny in stealing one mare, the property of S. N. Needham. On the trial, the prosecution gave evidence tending to show that the animal

described in the indictment was stolen from Needham's pasture about four miles southeast of Albany, in Linn county, on the night of the twelfth of October, 1891, and on the same night another animal was stolen from one Anderson, and a saddle and bridle from Albers, both neighbors of Needham. On the fifteenth of the same month, the defendants were seen at the tollgate on the tollroad leading from Lebanon to Eastern Oregon, traveling east with these two animals in their possession; but, having no money with which to pay toll, they were compelled to and did return toward the Willamette Valley, and two days later the animals were turned into a pasture near or adjacent to the tollroad, where they remained until the night of the thirtieth, when they were taken therefrom without the knowledge of the owner of the pasture, and without the pasturage having been paid. On the same night that the animals were taken from the pasture, and on a direct route from there to Salem, there was stolen from one Royce at Lebanon, a spring wagon, a set of harness, and a buggy robe; and from one Baltimore, about twelve miles east of Albany, a pair of single lines, a buggy cushion, and two blankets. The defendants were arrested at Salem on the evening of the following day, having in their possession, as the evidence tended to show, the mare described in the indictment; also the Anderson mare, and the property stolen from Albers, Baltimore and Royce.

1.   The defendants objected and excepted to the admission of any evidence tending to show that any of the property claimed to have been found in defendants' possession at the time of their arrest, except that described in the indictment, was stolen property, on the ground that such evidence tended to prove other and different crimes from the one alleged in the indictment. The general rule is unquestioned that evidence of a distinct crime unconnected with that laid in the indictment, cannot be given in evidence against the prisoner. Such evidence tends to mislead the jury, creates a preju-

dice against the prisoner, and requires him to answer a charge for the defense of which he is not supposed to have made preparation.    And while, as Lord CAMPBELL says, "it would be evidence to prove that the prisoner is a very bad man, and likely to commit such an offense" (*Reg.* v. *Oddy*, 5 Cox. C. C. 210), under no enlightened system of jurispudence can a person be convicted of one crime on proof that he has committed another.    It is of the utmost importance to a defendant that the facts given in evidence by the prosecution shall consist exclusively of the transaction which forms the subject of the indictment, and which he has come prepared to answer.    And yet, while this is the general rule, the exceptions to it are so numerous that it has been said, "It is difficult to determine which is the most extensive, the doctrine or the acknowledged exceptions": *Trogdon* v. *Com.* 31 Gratt. 870.    In cases where the prosecution relies on circumstantial evidence for a conviction, and the evidence offered forms logically one link in the chain of circumstances, tending to show that he who committed the one crime must have committed the other, or is so intermingled and connected with the crime charged as to form one entire transaction, it is admissible although it may tend to prove distinct felonies.    The purpose of such proof, however, should be explained in the charge of the court: Whart. Crim. Ev. § 31; *Brown* v. *Com.* 76 Pa. St. 319; *Mason* v. *The State*, 42 Ala. 532; *Long* v. *State*, 11 Tex. App. 381; *Jones* v. *State*, 14 Tex. App. 85; *House* v. *State*, 16 Tex. App. 25; *Heath* v. *Com.* 1 Rob. (Va.) 735.    "It frequently happens," says BROCKENBROUGH, J., "that as the evidence of circumstances must be resorted to for the purpose of proving the commission of the particular offense charged, the proof of these circumstances involves the proof of other acts, either criminal or apparently innocent.    In such cases it is proper that the chain of evidence should be unbroken.    If one or more links of that chain consist of circumstances which tend to prove the prisoner has been guilty of other crimes than that charged, this

is no reason why the court should exclude those circumstances. They are so intimately connected and blended with the main facts adduced in evidence that they cannot be departed from with propriety; and there is no reason why the criminality of such intimate and connected circumstances should exclude them more than other facts apparently innocent": *Walker* v. *Com.* 1 Leigh, 574.

Now, in the case at bar, the evidence tending to show that the property found in defendants' possession at the time of their arrest was stolen property, was so intermingled and connected with the evidence tending to show that defendants committed the crime charged, as to form one entire transaction, and to identify the actor by a connection which logically tends to show that he who committed the one must have committed the other. Without such evidence the chain of circumstances against the defendants would not have been complete, and the state could not have made out its case in its entirety. To exclude the evidence relating to the larcenies for which the prisoners were not on trial, would have broken the chain formed of links more or less perfect connecting them with the one which constituted the subject matter of the trial, for it was impracticable for the prosecution to trace the animal of Needham and defendants' connection therewith from the time it was stolen until their arrest without disclosing the commission of the other crimes; and hence, we are of the opinion that no error was committed in admitting such testimony.

2. This cause was continued from the March to the June term of the court below on an affidavit made by the defendant Baker in order to procure the attendance of five certain witnesses in behalf of the defendants. In this affidavit he represented that he could have these witnesses duly served, and their attendance at the trial at the succeeding term, and could prove by one of them that the mare in question was stolen on the eighth day of October, and by two others that neither of the defendants were in Linn County at that time, but both were in

Portland from the third to the fifteenth of October, and therefore could not have stolen the mare described in the indictment. Neither of the witnesses referred to in the affidavit were called or testified at the trial, and the district attorney in his closing argument to the jury was permitted by the court, against the objection and exception of the defendants, to read the affidavit for a continuance and comment thereon, and the jury were allowed and permitted to take this affidavit to their room, while deliberating on their verdict, without the same having been offered or admitted in evidence, to which defendants also excepted. It seems to us this was clearly error. The affidavit was no part of the evidence in the case, and should not have been referred to or used as such, or permitted to go to the jury without first having been regularly admitted, if competent, as evidence, and defendants given an opportunity to make any explanation they may have desired as to the absence of these witnesses, or of any other statement in the affidavit: Hill's Code, § 1356, 204; McLeod v. Ry. Co. 71 Iowa, 138 (32 N. W. Rep. 246); Alger v. Thompson, 1 Allen, 453; State v. Lantz, 23 Kans. 728 (33 Am. Rep. 215). Counsel for the state insists that the record does not disclose that the comments of the district attorney, or the consideration of the affidavits by the jury, produced any improper influence on the jury or prejudiced the defendants in any way. A copy of the affidavit is in the record, from which it is apparent that an inference may have been, and perhaps was, drawn unfavorable to the defendants, because of their failure or neglect to secure the attendance and testimony of the witnesses named therein, and hence, we cannot say the error was a harmless one.

The cause must therefore be reversed and a new trial ordered.