Submitted October 23, affirmed December 16, 2015

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DANIEL PATRICK OLIVER II,
*Defendant-Appellant.*

Washington County Circuit Court
D141133M; A157480

365 P3d 151

Peter Gartlan, Chief Defender and Laura E. Coffin, Deputy Public Defender, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

LAGESEN, J.

**LAGESEN, J.**

Defendant appeals a judgment convicting him of fourth-degree assault, ORS 163.130. The conviction arose from defendant's act of knocking the victim, his girlfriend, to the floor.[1] On appeal, defendant assigns error to the trial court's decision to permit the victim to testify to three other incidents in which defendant had either "used force" or "put his hands" on the victim; the trial court ruled that the evidence was admissible to rebut defendant's testimony that he was a "caring man" who would not hurt another person. On review for legal error,[2] we affirm.

Defendant and the victim presented conflicting testimony as to the incident that led to the charges against defendant. Because the jury convicted defendant on the assault charge, we set forth the facts pertaining to that charge in the light most favorable to the state. *State v. Tucker*, 315 Or 321, 325, 845 P2d 904 (1993).

Defendant and the victim lived together. Defendant became angry with the victim when he found out that another man had sent her a text message. The dispute escalated and defendant knocked the victim down, causing her to hit her head on the floor. The victim reported the incident to police two days later, leading to the charges against defendant.

At trial, defendant's theory of defense was that he had been defending himself against the victim at the time that he knocked her to the floor; defendant claimed that the victim had attacked him. Defendant testified in support of that defense. When asked on direct examination to describe

---

[1] Defendant was also charged with strangulation, ORS 163.187, in connection with the same incident. The jury acquitted on that charge.

[2] We generally review for legal error a trial court's determination that evidence of a defendant's prior bad acts is admissible under OEC 404(4). To the extent the trial court's decision to admit such evidence under OEC 404(4) also encompasses a discretionary determination under OEC 403, we review that discretionary determination for abuse of discretion. *See State v. Shaw*, 338 Or 586, 615, 113 P3d 898 (2005) (stating standard of review applicable to trial court's ruling under OEC 403). Here, defendant has not assigned error to the discretionary component of the trial court's ruling; as a result, our review of the trial court's application of OEC 404 is for legal error only.

the force that he had used against the victim, defendant explained that he used only the amount of force necessary to counteract the victim's attack because he is not the type of person who would hurt another person:

"[Defense Counsel:]   [D]escribe your, you know, use of force in—in defending yourself?

"[Defendant:]   I—I didn't use any other force that I had to just to—I mean, I'm not—I wouldn't physically put my hand on somebody to hurt them or to cause them any kind of pain or anything like that.

"* * * * *

"[Defense Counsel:]   Okay. So, during this whole—this whole period did—did you ever escalate or—or use some kind of greater force against her than she was attempting to use to you in that moment?

"[Defendant:]   No. I didn't even want to put force on her. I didn't—I didn't want to put my hand on her. I just want her to stop doing what she was doing, you know. I'm not—I don't do that.

"[Defense Counsel:]   And did she—

"[Defendant:]   I'm a caring man."

After defendant testified to that effect, the state moved to introduce evidence—in the form of testimony from the victim—that defendant on three previous occasions had been physically violent toward the victim. The state argued that the evidence was relevant to impeach defendant's testimony that he is a "caring man" who would not physically hurt another person. Defendant objected to the admission of the evidence, arguing that his testimony did not "open[] the door" to that impeachment evidence and that the probative value of the evidence was outweighed by the danger of unfair prejudice to him. The trial court admitted the evidence, determining that it was relevant to rebut defendant's "character" testimony that he was not a person who would use force to hurt another person, and, further, that the evidence was admissible under OEC 403 because the probative value was "fairly high" and "it's not so prejudicial that it

outweighs any probable value." The jury convicted defendant. He appeals.

As noted, the question on appeal is whether the trial court correctly permitted the victim to testify to three prior incidents in which defendant had acted violently toward the victim.[3] That question is answered by OEC 404(4),[4] as construed by the Supreme Court in *State v. Williams*, 357 Or 1, 346 P3d 455 (2015). As *Williams* explains, OEC 404(4) makes evidence of other acts by a criminal defendant admissible in the defendant's criminal case if that evidence is relevant under OEC 401—at least where, as here, the trial court balances the probative value of the evidence against the danger of unfair prejudice presented by it under OEC 403 before admitting the evidence.

Here, the evidence of defendant's previous acts of violence toward the victim was, at a minimum, relevant to the jury's assessment of defendant's credibility. Defendant's own testimony made it so. Once defendant testified that he was a "caring man" who would not use force to harm another person, the evidence of defendant's prior acts—which tended to refute defendant's characterization of himself—became probative to impeach that testimony. And defendant does not argue on appeal that the trial court abused its discretion under OEC 403 when it determined that the probative value of the evidence exceeded the risk of unfair prejudice posed by it. Under those circumstances, we must sustain the trial court's ruling. *See Williams*, 357 Or at 23-24 (upholding trial court's decision to admit evidence of the defendant's prior acts where the evidence was relevant under OEC 401, and

---

[3] The incidents involved defendant pushing the victim and pinning her to the bed while pulling her hair; defendant punching the victim in the face; and defendant physically restraining the victim to prevent her from going to work.

[4] OEC 404(4) states:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [OEC 406 through 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

where the trial court had conducted the balancing required by OEC 403 and the defendant did not challenge the OEC 403 ruling on appeal).[5]

Affirmed.

---

[5] Defendant suggests that, even if the trial court correctly concluded that evidence of defendant's prior acts was relevant to rebut defendant's testimony about his caring, nonviolent disposition, OEC 405 precluded the admission of evidence of defendant's specific acts. That argument—which was not preserved in the trial court—is refuted by the plain terms of OEC 405(2)(b): "When evidence is admissible under [OEC 404(3) or (4)], proof may be made of specific instances of conduct of the person."