Submitted October 23, 2015, affirmed March 29, petition for review denied
August 24, 2017 (361 Or 803)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUSTIN BOYD LOUDEN,
*Defendant-Appellant.*

Clackamas County Circuit Court
CR1300615; A154896

391 P3d 913

Peter Gartlan, Chief Defender, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stephanie J. Hortsch, Deputy Public Defender, Office of Public Defense Services, filed the reply brief and a supplemental brief. Justin Boyd Louden filed a supplemental brief *pro se.*

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General, filed the briefs for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

After waiving his right to a jury trial, defendant was convicted by a trial court of three counts of first-degree sexual abuse, ORS 163.427; six counts of first-degree sodomy, ORS 163.405; and three counts of third-degree sexual abuse, ORS 163.415. He appeals, assigning error to the admission of evidence of defendant's prior sexual conduct with the same victim, which the trial court admitted over defendant's objection. On appeal, defendant argues that, since his conviction, the court has held in *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), that this type of evidence in a child sexual abuse case[1] is inadmissible if the trial court fails to conduct OEC 403 balancing, weighing the probative value of the evidence against the danger of unfair prejudice. Defendant specifically contends that due process required the trial court, in a child sexual abuse case, to conduct OEC 403 balancing before admitting evidence of a defendant's prior sexual conduct with the same victim. However, defendant did not raise OEC 403 or due process arguments to the trial court below. Consequently, defendant has not preserved those arguments, and we will not consider them for the first time on appeal. *See State v. Woods*, 284 Or App 559, 563, 393 P3d 1188 (2017) (where prior uncharged sexual conduct is offered to show defendant's sexual propensity for the victim, any error in the trial court's failure to conduct OEC 403 balancing will not be considered on appeal if defendant has not raised an OEC 403 or due process argument to the trial court).[2]

Affirmed.

---

[1] Defendant does not dispute the state's contention in its answering brief that, under the holding of *State v. McKay*, 309 Or 305, 308, 787 P3d 479 (1990), evidence of defendant's sexual predisposition toward the same child victim was relevant evidence.

[2] Through a *pro se* brief, defendant also assigns error to the trial court's admission of expert testimony. Because that error was also unpreserved, defendant argues that it was error apparent on the face of the record. We reject that argument without further discussion.