Submitted April 24, affirmed November 18, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHEROKEE LEE SCHILL,
*Defendant-Appellant.*

Washington County Circuit Court
18CR15402; A168846

476 P3d 520

Eric Butterfield, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Francis C. Gieringer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant appeals her judgment of conviction for harassment, raising three assignments of error. In her third assignment of error, she argues that the trial court plainly erred by imposing a special probation condition. We reject that assignment of error without discussion. In her first and second assignments of error, she assigns error to the trial court "allowing the state to elicit" certain evidence. We affirm.

Defendant was charged with harassment for spitting on a motorist after an incident in which she was riding her bicycle and the victim, driving a large truck, passed her. The state offered certain evidence about defendant's past statements and conduct. Defendant objected on relevance grounds. *See* OEC 401. Defendant did not object on the basis that the evidence was impermissible character evidence. *See* OEC 403; OEC 404(3). On appeal, she assigns error to the trial court "allowing the state to elicit" the evidence and argues that the only way the evidence could "become relevant" would depend on impermissible character inferences.

Defendant's argument on appeal is not an argument that she made below. Relevance under OEC 401 and admissibility under OEC 404(3) and OEC 403 can be separate questions. *See State v. Williams*, 357 Or 1, 14, 346 P3d 455 (2015) ("Evidence that meets that standard of relevance nevertheless may be inadmissible for any number of reasons under other provisions of the evidence code. Under OEC 404(3), 'other acts' evidence that is offered for the purpose of proving a defendant's character is inadmissible because it is unfairly prejudicial, not because it is irrelevant."). Defendant's argument on appeal is unpreserved. We therefore affirm.

Affirmed.