Argued and submitted December 13, 1989, the decision of the Court of Appeals affirmed on other grounds; order of the district court reversed and case remanded for further proceedings February 22, 1990

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## DOUGLAS GLENN McKAY,
*Petitioner on Review.*

(DC 87-5533; CA A49217; SC S36538)

787 P2d 479

David Brian Williamson, of Williamsons & Hunnicutt, St. Helens, argued the cause and filed the petition for petitioner on review.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent on review. With her on the

response to the petition were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Linde,** Carson, Jones, Gillette, Van Hoomissen and Fadeley, Justices.

JONES, J.

** Linde, J., retired January 31, 1990.

**JONES, J.**

Defendant is charged with sexual abuse of his step-daughter. ORS 163.415. Before trial, the state moved to allow testimony by the victim about sexual contacts between her and defendant on several occasions, beginning when she was 10 years old and ending when she was about 13. She was 15 when the incident giving rise to this charge occurred.

■    The trial court denied the state's motion and excluded the evidence. The state appealed to the Court of Appeals, which reversed the decision of the trial judge. *State v. McKay,* 97 Or App 590, 776 P2d 1316 (1989). In doing so, the Court of Appeals engaged in a bit of hyperbole in interpreting our decision in *State v. Zybach,* 308 Or 96, 775 P2d 318 (1989), asserting that if the state is able to show that the proffered evidence can be helpful to prove its case beyond a reasonable doubt, then it is relevant and admissible insofar as OEC 404(3) is concerned.

The Court of Appeals reached the right result, but for the wrong reason. *State v. Zybach* does not deserve the transformation written for it by the Court of Appeals.

In *Zybach,* we said:

> "In this case, although the evidence was not admissible to show that defendant had a propensity to have sexual intercourse or similar contact with minor girls, it was relevant to show why the child had not reported the original sexual assault. This is a type of uncharged misconduct evidence admissible under OEC 404(3), even though not included in the specific illustrations. * * *

> "The repeated association between the pursuer and the pursued was directly relevant to demonstrate why, having failed to complain about the initial sex act, the victim reported it when defendant did not desist from pestering her. Without the evidence of the ongoing relationship between the two, a jury deprived of this evidence would hear that in June 1985 the victim allegedly had intercourse with defendant but did not report it until March of the following year. The victim was properly allowed to testify to facts from which a jury could infer reasons for the delayed reporting." 308 Or at 99-100.

As should be plain from the quoted language, we did not open the evidentiary door for all evidence of prior sexual

misconduct that can be helpful in proving the prosecution's case.

OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

The listed exceptions are illustrations, not limitations. *See State v. Pratt,* 309 Or 205, 210, 785 P2d 350 (1990).

■　　　Simply stated, the proffered evidence here was admissible to demonstrate the sexual predisposition this defendant had for this particular victim, that is, to show the sexual inclination of defendant towards the victim, not that he had a character trait or propensity to engage in sexual misconduct generally.

In *State v. Pace,* 187 Or 498, 507, 212 P2d 755 (1949), a prosecution for statutory rape, this court held that evidence of other similar criminal acts with the same child is admissible to show the specific sexual predisposition of the defendant towards that child. *State v. Kristich,* 226 Or 240, 242, 359 P2d 1106 (1961), stated that "[t]his court has repeatedly held that in crimes involving illicit sexual acts evidence of other similar acts between the same persons is admissible," citing *State v. Howard,* 214 Or 611, 331 P2d 1116 (1958); *State v. Risen,* 192 Or 557, 235 P2d 764 (1951); and *State v. Ewing,* 174 Or 487, 149 P2d 765 (1944). *See also* Imwinkelried, Uncharged Misconduct Evidence § 4.14 (1984). The adoption of OEC 404(3) did not change the effect of the above cases.

The decision of the Court of Appeals is affirmed, but for different reasons.