Submitted June 19, 2013, affirmed April 2, petition for review denied June 26, 2014 (355 Or 703)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAWN LEE ANDREWS,
*Defendant-Appellant.*

Josephine County Circuit Court
10CR0192; A148343

324 P3d 534

Peter Gartlan, Chief Defender, and Laura A. Frikert, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

### SCHUMAN, S. J.

A jury found defendant guilty of committing multiple sexual offenses against his biological daughter, S. A., and his stepdaughter, S. H. During trial, a different stepdaughter, T. N., was allowed to testify that defendant had committed similar acts of sexual abuse against her, that she had made allegations against defendant, that the case brought against defendant on the basis of those allegations was ultimately dismissed, and that, as a result of her allegations, she was ostracized from the family. The state contended, and the court agreed, that the testimony was relevant because it helped to explain why S. A. and S. H. had delayed reporting defendant's acts involving them—that is, they delayed because they did not want to experience the same recriminations from their family that T. N. had experienced. Defendant appeals his convictions, arguing that the court erred by admitting evidence of his prior acts against T. N., because the state failed to prove by a preponderance of the evidence that, in fact, those acts occurred and defendant committed them. For the reasons that follow, we conclude that defendant failed to preserve the argument that he now raises on appeal and that, even assuming without deciding that any error was plain, we would decline to exercise our discretion to correct that error. We therefore affirm his convictions.

Defendant and Tina Andrews were married in 1995. At the time of the marriage, Andrews had two daughters, T. N. and S. H., who were seven and four years old, respectively. Defendant also had an eight-month-old daughter, S. A. At first, T. N. and S. H. lived full time with defendant and Andrews while S. A. would visit only on weekends.

In 2001, when she was 13 years old, T. N. told Andrews that defendant had been sexually abusing her. Andrews initially believed T. N. but, after speaking with defendant, she accused T. N. of lying. As a result, Andrews stopped speaking to T. N. for about two years. During that time, T. N. was not allowed to spend holidays with the rest of the family. T. N.'s accusation, however, never went to trial; the case against defendant was dismissed.

In 2006, when S. H. was 14 years old and the family was living in California, defendant (according to S. H.) began sexually abusing her. In December of that year, the family moved from California to Oregon. However, S. A. remained in California to finish the seventh grade. Defendant, again according to S. H., continued abusing her after they moved.

In the summer of 2007, S. A. moved into the family home in Oregon. Soon after, defendant allegedly began sexually abusing her as well. In 2008, defendant left Andrews and moved in with a new girlfriend. In February or March of 2009, S. A. and T. N. moved in with defendant. S. A. testified that she had hoped that, because of defendant's new relationship, he would stop seeking sexual gratification from her. However, she testified that the instances of abuse continued and, in fact, became more frequent. In August of 2009, S. A. confided in some of her friends, who then facilitated her decision to leave defendant's home. S. A. then told both her family and police that defendant had been sexually abusing her for years. This revelation prompted S. H. to report that defendant had been abusing her as well.

For his conduct towards S. A. and S. H., defendant was charged with numerous sexual offenses. Defendant was not charged with any crime for his conduct towards T. N., which allegedly had occurred in California and which was never prosecuted. At a pretrial hearing, however, the state moved to admit "[e]vidence of [T. N.'s] prior allegations of sexual abuse, and the repercussions she suffered," arguing that the evidence was "relevant to explain the delay in reporting of sexual abuse by [S. A.] and [S. H.]" At that same hearing, defendant asked the court to make the findings that, according to defendant, were required under *State v. Johns*, 301 Or 535, 725 P2d 312 (1986). Defendant explained, "I think that there [are] those five, basically four or five step test, the *Jones* [*sic*] test that probably should be gone through at this point." Those steps, according to defendant, included making findings regarding "the State's need for the evidence, the certainty of it, the strength or weakness of that evidence, the inflammatory effect, and the time consuming and distracting, you know how time consuming that would be."

The state did not agree that the court was required to make those findings, arguing that the *Johns* test is

only "applicable when evidence is offered to prove intent." Defendant responded by arguing that the *Johns* test is also applicable when evidence is being offered for other purposes as well. According to defendant, "[U]nder [OEC] 403 we argue what, what is prejudicial, how prejudicial that evidence is versus the, you know, State's need for that evidence is my understanding ***." The state replied that the "evidence is admissible under [OEC] 404[(3)], which does not require [OEC] 403 balanc[ing]."[1] Ultimately, the court agreed with the state and admitted the evidence without making any of the findings that defendant had requested. With respect to the charges regarding S. A., the jury found defendant guilty of 10 counts of rape in the first degree, ORS 163.375, four counts of sodomy in the first degree, ORS 163.405, and one count of sexual abuse in the first degree, ORS 163.427. The jury also found defendant guilty of one count of sexual abuse in the second degree and four counts of sexual abuse in the third degree for his conduct towards S. H.

On appeal, defendant does not argue that the trial court should have engaged in a balancing test under OEC 403 and made findings before admitting the disputed evidence. Rather, defendant now cites *State v. Johnson*, 313 Or 189, 832 P2d 443 (1992), OEC 404(3), and OEC 104(1), for the proposition that, as the proponent of the "prior uncharged conduct" evidence, the state had the foundational burden of "persuading the judge by a preponderance of the evidence that the act did in fact occur and that the accused party committed the act." According to defendant, that argument is preserved on appeal because he properly requested that the trial court make a finding "with respect to the certainty

---

[1] OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

that the uncharged misconduct evidence occurred—albeit in the context of an OEC 403 argument." He cites counsel's statement to the trial court that it had to consider "the certainty of it," presumably the certainty that defendant had, in fact, sexually abused T. N. Additionally, defendant argues that, even if his argument was not adequately preserved, the trial court plainly erred in failing to make the requested findings, and we should exercise our discretion to review that plain error. *See* ORAP 5.45 (explaining plain error exception to preservation requirement).

The preservation question is a close one. As noted, defendant argued to the trial court that it had to assess, and make findings, concerning "the certainty of" the fact that defendant had sexually abused T. N. On appeal, he argues that the court had to determine that defendant had sexually abused T. N. However, as we explain below, those arguments are significantly different. As defendant himself acknowledges, at trial, the issue arose in the context of an argument under OEC 403:

> "Here, defendant properly requested that the trial court make the finding with respect to the certainty that the uncharged misconduct evidence occurred—albeit in the context of an OEC 403 argument. But in response to that request, the state objected. The state, as the proponent of the evidence had, as a foundational burden under OEC 404, the responsibility of proving to the trial court by a preponderance of the evidence that the uncharged misconduct evidence, in fact, occurred."

It is beyond dispute, then, that defendant's argument at trial was based on *Johns* and OEC 403. In particular, defendant relied on the language from *Johns* that appears to apply outside of questions involving only whether uncharged conduct evidence is relevant to prove intent. Under *Johns*, the court, in performing the balancing required by OEC 403, should consider "(1) the need for the evidence; (2) *the certainty that the other crime was committed and that defendant was the actor*; (3) the strength or weakness of the evidence; and (4) its inflammatory effect on the jury." 301 Or at 557-58 (emphasis added). However, as we held in *State v. Teitsworth*, 257 Or App 309, 316 n 4, 304 P3d 793 (2013), the enactment of OEC 404(4)—"In criminal actions, evidence of other crimes,

wrongs or acts by the defendant is admissible if relevant except as otherwise provided by [constitutional or statutory exceptions not relevant to this case]"—essentially prohibits balancing "the probative value of relevant uncharged misconduct evidence against its prejudicial effect." *Accord State v. Bracken*, 174 Or App 294, 23 P3d 417 (2001).

Further, under OEC 403, the burden of persuasion is on the party seeking exclusion of the evidence—here, of course, defendant—and we review the trial court's determination for abuse of discretion. *State v. Sewell*, 257 Or App 462, 468-69, 307 P3d 464 (2013). Under OEC 404(3), on the other hand, the burden of proving that the uncharged act occurred and that the defendant committed it is on the party seeking admission of the evidence—here, the state—and we review that determination as a question of law. *Rugemer v. Rhea*, 153 Or App 400, 408, 957 P2d 184 (1998). Thus, defendant's argument to the trial court did not put the state or the trial court on notice that the state had to prove, by a preponderance of the evidence, that defendant had sexually abused T. N. The preservation requirement, it must be remembered, serves not only to preserve comity between trial and appellate courts, but also, and even more significantly, it serves to ensure fairness to the parties. Reviewing defendant's assignment of error in this case would not be fair to the state or consistent with the purposes of the preservation requirement.

Furthermore, assuming (without deciding) that the trial court committed plain error by admitting evidence of uncharged conduct, we decline to exercise our discretion to correct that error. When deciding whether or not to review an error of law apparent on the record, we consider

"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."

*Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Here, the policies behind our preservation

requirements would not be served by accepting review. Had the issue properly been raised, the record would surely have developed differently. Specifically, the parties would have disputed whether the state proved by a preponderance of the evidence that defendant abused T. N. when she was a child in California. We also note that the court admitted T. N.'s testimony for the limited purpose of explaining the delay in reporting by S. H. and S. A., and instructed the state to "avoid getting into the exact precise details of what was allegedly going on between [T. N.] and the defendant in California." Additionally, the court instructed the jury that any "sexual abuse alleged to have occurred to [T. N.]" was only to be considered to explain the delay in reporting and not "to show that the defendant is more likely to have committed the current alleged acts." Finally, the evidence was certainly relevant as it helped explain a potential weakness in the state's case. It helped explain why S. A. and S. H. waited years before disclosing that they were being sexually abused. In short, we conclude that the balance of factors weighs against plain error review.

Affirmed.