STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

EDWARD JONES ZAVALA,
*Defendant-Appellant.*

Lincoln County Circuit Court
122947, 130820;
A154491 (Control), A154492

368 P3d 831

Ernest G. Lannet, Chief Defender, Criminal Appellate
Section, and Erica Herb, Deputy Public Defender, Office of
Public Defense Services, for petition.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce,
Solicitor General, and Michael S. Shin, Assistant Attorney
General, for response.

Before Ortega, Presiding Judge, and DeVore, Judge, and
Garrett, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

We previously affirmed without opinion defendant's judgment of conviction for three counts of first-degree sexual abuse concerning K and T, the eight- and 10-year-old daughters of his former girlfriend.[1] *State v. Zavala*, 270 Or App 351, 350 P3d 234 (2015). Defendant now petitions for reconsideration of our decision based on a subsequent change in the relevant case law. In light of *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), defendant contends that it was error for the trial court to admit evidence of uncharged sexual conduct toward one of the alleged victims without determining whether that evidence was unfairly prejudicial as compared to its probative value—that is, without OEC 403 balancing. We conclude that the failure to conduct that balancing was plain error, and we exercise our discretion to correct it. Accordingly, we allow reconsideration, withdraw our former disposition, and vacate and remand defendant's convictions.

The state charged defendant with three acts of sexual abuse: two instances involving K and one involving T. In a bench trial, the trial court admitted testimony from the alleged victims' mother's former coworker, who recounted that she had observed defendant touch K in a sexual manner on a different occasion than the charged instances, conduct that was uncharged. In the court's view, the evidence was admissible under *State v. McKay*, 309 Or 305, 308, 787 P2d 479 (1990), in which the Supreme Court held that uncharged conduct of sexual disposition toward the same victim is admissible as evidence for "other purposes" under OEC 404(3) and not as propensity evidence.[2] The court found defendant guilty on all counts. Defendant appealed, contending that the trial court erred by admitting testimony of the uncharged conduct because, based on

___

[1] Defendant was also convicted of tampering with and bribing a witness in a separate judgment (A154492). Because defendant did not challenge those convictions on appeal, we affirm the judgment in A154492.

[2] OEC 404(3) provides:

"Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

evidentiary rules for evidence admitted under OEC 404(3) that were described in *State v. Pitt*, 352 Or 566, 575, 293 P3d 1002 (2012), and *State v. Leistiko*, 352 Or 172, 184-85, 282 P3d 857, *adh'd to as modified on recons*, 352 Or 622, 292 P3d 522 (2012), the evidence was not admissible. As noted, we affirmed without opinion.

Defendant now petitions for reconsideration because the uncharged, "other acts" evidence against him is subject to the "significant change in the law" announced in *Williams*. In that decision, the Supreme Court held that

> "OEC 404(4) supersedes OEC 404(3) in a criminal case except to the extent required by the state or federal constitution. In a prosecution of child sexual abuse, the federal constitution requires that a trial court determine whether the risk of unfair prejudice posed by the evidence outweighs its probative value under OEC 403."[3]

357 Or at 24. The consequence of that holding is that the prohibition against propensity evidence in OEC 404(3) yields, in a criminal case, to the admissibility of relevant evidence of a defendant's "other crimes, wrongs or acts, *** except as otherwise provided by [various evidentiary rules] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403]." OEC 404(4). Put differently, "other acts" evidence of child sexual abuse—previously prohibited by OEC 404(3) if sought to be admitted for a propensity purpose—is allowed under OEC 404(4) so long as it is relevant and subject to OEC 403 unfair-prejudice balancing. Thus, on reconsideration, defendant

---

[3] OEC 404(4) provides:

"In criminal actions, evidence of other crimes, wrongs or acts by the defendant is admissible if relevant except as otherwise provided by:

"(a) [OEC 406 through 412] and, to the extent required by the United States Constitution or the Oregon Constitution, [OEC 403];

"(b) The rules of evidence relating to privilege and hearsay;

"(c) The Oregon Constitution; and

"(d) The United States Constitution."

OEC 403 provides:

"Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay or needless presentation of cumulative evidence."

contends that, under *Williams*, the evidence of uncharged conduct offered by the alleged victims' mother's coworker is allowed under OEC 404(4), but only if subject to OEC 403 balancing, which was not conducted in this case.[4]

The state counters that defendant did not preserve, at trial, his argument that admitting the evidence of uncharged sexual conduct requires OEC 403 balancing. A party preserves an issue for review by "provid[ing] the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). The state argues that, in *Williams*, the court clearly indicated that OEC 403 determinations must be sought by the defendant:

> "We therefore hold that balancing is required by the Due Process Clause. Even if due process does not categorically prohibit the admission of 'other acts' evidence to prove propensity in prosecutions for child sexual abuse, it at least requires that, *on request*, trial courts determine whether the probative value of the evidence is outweighed by the risk of unfair prejudice."

357 Or at 18-19 (emphasis added). And, the court stated:

> "Consequently, the admission of evidence under OEC 404(4) remains subject to balancing under OEC 403. *When a party objects, under OEC 403*, to 'other acts' evidence offered under OEC 404(4), a trial court must engage in the balancing anticipated by OEC 403."

*Id.* at 19 (emphasis added). Moreover, the state relies on *State v. McMullin*, 269 Or App 859, 860 n 2, 346 P3d 611 (2015), to assert that we have recently and clearly indicated that, in order to preserve an OEC 403 challenge, a defendant must seek a ruling or object to the evidence on those grounds at trial.

Although defendant did not request OEC 403 balancing in the context of his challenge below to admission of the evidence under OEC 404(4), as required by *Williams*, his

---

[4] Defendant contends that the challenged evidence was, as a matter of law, unfairly prejudicial. As stated below, we remand the issue to the trial court to make that determination in the first instance.

request for reconsideration in light of *Williams* constitutes a request that we review for error apparent on the face of the record. ORAP 5.45(1). We reviewed for plain error in a similar posture in *State v. Marroquin*, 215 Or App 330, 334-35, 168 P3d 1246 (2007). In that case, the defendant petitioned for reconsideration of our decision affirming without opinion his drug and evidence tampering convictions in light of *State v. Birchfield*, 342 Or 624, 157 P3d 216 (2007), which "significantly changed the Supreme Court's prior case law." *Marroquin*, 215 Or App at 333. Likewise, *Williams* announced a new rule by holding that, in child sexual abuse cases, OEC 404(4) supersedes OEC 404(3) and the admission of "other acts" evidence under OEC 404(4) requires OEC 403 balancing. 357 Or at 20.

Our review of unpreserved legal errors that are "apparent on the face of the record" is discretionary. ORAP 5.45(1). To qualify as plain error, the error must (1) be a legal error, (2) be apparent, meaning the legal point is obvious and not reasonably in dispute, and (3) appear on the face of the record such that we "need not go outside the record or choose between competing inferences to find it." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). We examine whether an error is plain in light of the law as it exists at the time of the appeal and not as of the time the trial court rendered the challenged ruling. *State v. Jury*, 185 Or App 132, 139, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003).

In this case, unlike our recent decisions in *State v. Brown*, 272 Or App 424, 355 P3d 216 (2015) (concluding that it was not plain error to admit challenged evidence without a *Leistiko* instruction), and *State v. Horner*, 272 Or App 355, 356 P3d 111 (2015) (same), we can discern that the legal error is obvious: *Williams* establishes that federal constitutional concerns require the trial court to engage in OEC 403 balancing for the admission of uncharged sexual conduct.[5] The trial court admitted uncharged evidence that defendant

---

[5] The state contends that "defendant is incorrect that under *Williams*, the trial court was required to conduct OEC 403 balancing rather than a narrower due process balancing." However, in *State v. Brumbach*, 273 Or App 552, 563 n 4, 359 P3d 490 (2015), we stated that we "take the Supreme Court's words at face value—that only OEC 403 balancing can ensure that the admission of evidence of other acts does not offend due process."

sexually abused K without OEC 403 balancing to determine if the probative value of the evidence was outweighed by the danger of unfair prejudice. The error is plain.

Yet, we must also decide whether to exercise our discretion to consider the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991). We consider several factors when we make that decision, including "the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way." *Id.* at 382 n 6. And, "[a] court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error." *Id.* at 382.

For the reasons that follow, we exercise our discretion to correct the error in this case. First, the error was grave and the ends of justice incline toward correcting it. *Williams* concluded that the Due Process Clause (gleaning from United States Supreme Court case law) requires OEC 403 balancing in child sexual abuse prosecutions. 357 Or at 18-19 ("In our view, the only way that a court can ensure that the admission of 'other acts' evidence is not unfairly prejudicial and a violation of 'fundamental concepts of justice' is to conduct OEC 403 balancing."). Additionally, exercising our discretion in this case to correct the error would not undermine the policies behind the general rule requiring preservation. Although *Williams* makes clear that OEC 403 balancing must be requested by a defendant in child sexual abuse cases, 357 Or at 18-19, before that decision, the essential role of OEC 403 balancing was not manifest.

Further, the failure to conduct OEC 403 balancing can be corrected on a remand which is limited to conducting such balancing, unless a new trial becomes necessary as a result of the outcome of that balancing. Although that option is not available where we confront a federal constitutional error in a preserved posture, as we did recently in *State v. Brumbach*, 273 Or App 552, 359 P3d 490 (2015), the option of a more limited remand exists under the circumstances

presented in this case because the asserted federal constitutional error is not preserved.

We pause to explain that distinction. A failure to conduct the balancing that *Williams* holds is required by due process and is a federal constitutional error. Where we, a state appellate court, confront a federal constitutional error in a preserved posture, we must apply the federal law of harmless error. *Chapman v. California,* 386 US 18, 21, 87 S Ct 824, 17 L Ed 2d 705 (1967) ("With faithfulness to the constitutional union of the States, we cannot leave to the States the formulation of the authoritative laws, rules, and remedies designed to protect people from infractions by the States of federally guaranteed rights."). Under that federal law, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Id.* at 24. The state, as the beneficiary of the error, bears the burden of proving harmlessness. *Id.* If we are unable to determine whether the error is harmless beyond a reasonable doubt, we must reverse the challenged convictions. That is what we did in *Brumbach,* 273 Or App at 564-65.

By contrast, where, as here, a federal constitutional error is presented to us in an unpreserved setting, we are not governed by federal harmless error analysis, but instead by our own state law rules as to whether an unpreserved error is one that can and should be reversed. Although the United States Supreme Court has not expressed it, other courts have recognized that this conclusion follows from two principles.[6] First, the Court long has recognized that state courts have the authority to develop and enforce their own rules as to when to consider and correct an unpreserved or otherwise procedurally defaulted claim of error. *See, e.g., Lee v. Kemna,* 534 US 362, 375-78, 122 S Ct 877, 151 L Ed 2d 820 (2002) (discussing how "firmly established and regularly followed" state procedural rules may preclude review of federal constitutional errors); *People v. Carines,* 597 NW2d 130, 137 (Mich

---

[6] *People v. Miller,* 113 P3d 743, 748-49 (Colo 2005) (the *Chapman* harmless error standard applies only where federal constitutional error is preserved); *People v. Carines,* 597 NW2d 130, 138 (Mich 1999) (concluding that *Chapman* harmless error analysis did not apply where the claimed federal constitutional error was not preserved).

1999) ("The United States Supreme Court has acknowledged the importance of * * * the right of the various states to impose preservation requirements."). Second, the Court itself does not apply the *Chapman* harmless error standard when reviewing unpreserved claims of federal constitutional error in cases arising in the federal courts. Instead, the Court applies its own "plain error" standard, one which requires a defendant to prove, in order to obtain a reversal, that a federal constitutional error prejudiced the defendant. *See United States v. Olano*, 507 US 725, 731, 113 S Ct 1770, 123 L Ed 2d 508 (1993) (reviewing an unpreserved claim of constitutional error as "plain error" rather than under the "harmless error" standard); *People v. Miller*, 113 P3d 743, 748-49 (Colo 2005); *Carines*, 597 NW2d at 139-40.

Accordingly, when we are confronted with the question of whether to reverse a conviction based on an unpreserved constitutional error, as in this case, we must look not to *Chapman* but, instead, must apply our own state law rules for determining whether an unpreserved error requires reversal. Those rules of decision include Article VII (Amended), section 3, of the Oregon Constitution and *Ailes*, 312 Or at 382. Because those state law rules of decision differ from *Chapman*, that necessarily will mean that sometimes our disposition of an unpreserved *Williams* error will differ from our disposition of a preserved *Williams* error.

Beyond that, in the case of an unpreserved *Williams* error, our state law rules would appear to dictate that a conditional remand is the proper way to redress such an error (if the *Ailes* factors counsel redress). As noted, two sources of law govern our determination as to whether an unpreserved error requires reversal. The error must be one that qualifies for reversal under Article VII (Amended), and must be one that, under the *Ailes* factors, warrants our exercise of discretion to correct.[7] Because a *Williams* error is

---

[7] Article VII (Amended), section 3, requires us to "affirm a judgment, despite any error committed at trial, if, after considering all the matters submitted, the court is of the opinion that the judgment 'was such as should have been rendered in the case.'" *State v. Davis*, 336 Or 19, 28, 77 P3d 1111 (2003) (quoting Article VII (Amended), section 3). Under that provision, the "constitutional test for affirmance despite error consists of a single inquiry: Is there a little likelihood that the particular error affected the verdict?" *Id.*

procedural—that is, the court erred by not engaging in the process of conducting OEC 403 balancing—it often will be difficult, if not impossible, to determine whether a defendant has been harmed by the error in a manner that permits reversal under Article VII (Amended), section 3. If the trial court, upon conducting the balancing required by *Williams*, could properly have admitted the challenged evidence, and would have done so, then the defendant suffered no prejudice from the admission of that evidence at trial, making it inappropriate to set aside the defendant's conviction. If, on the other hand, the trial court could and would have excluded the evidence, and the evidence likely affected the verdict, then the defendant was prejudiced and the error is one for which Article VII (Amended), section 3, would permit reversal (should the *Ailes* factors counsel that disposition).

In the past, where a procedural error may or may not have prejudiced the defendant, we have held that the appropriate course of action under Article VII (Amended), section 3, is to vacate the defendant's convictions and remand to the trial court with directions to perform the omitted procedure and, depending on the outcome of performing that procedure, to either reinstate the convictions or order a new trial. *See State v. Smith*, 190 Or App 576, 580-81, 80 P3d 145 (2003) *rev'd on other grounds*, 339 Or 515, 123 P3d 261 (2005). The nonexclusive list of factors governing exercise of *Ailes* discretion does not point strongly to any of the resolutions at our disposal under the scenario presented by this case. That is because defendant may not have been at all prejudiced by the trial court's failure to conduct OEC 403 balancing, if in fact the court would have admitted the evidence. In addition, given how speculative it is that defendant was prejudiced by the failure to conduct OEC 403 balancing, it is not clear that reversal of his convictions is warranted under Article VII (Amended), section 3; the verdict may very well have been exactly what it should have been.

Under these circumstances, it is not clear that an outright reversal is permitted or appropriate, but it also is not clear that affirmance is appropriate. Given the procedural nature of the error, and the range of discretion the

trial court would have had in conducting the required OEC 403 balancing, whether the error affected the outcome of this case is speculative. Under these circumstances, a conditional remand is appropriate because, in essence, we have an inadequate record on which to conduct plain error review; a conditional remand offers a means to balance the defendant's interest in having his trial conducted in a manner that complies with due process, with the constitutional and prudential constraints on reversing judgments when the harm to the defendant is speculative on the record before the appellate court. *See United States v. Ameline*, 409 F3d 1073, 1079 (9th Cir 2005) (where the record is inadequate to evaluate whether trial court error was prejudicial, a conditional remand was required); *cf. State v. Nelson*, 246 Or App 91, 265 P3d 8 (2011) (vacating and remanding with instructions to balance the probative value of the victim's false accusations of abuse against the risk of unfair prejudice, confusion, embarrassment, or delay under OEC 412(4)(c)); *State v. Mills*, 354 Or 350, 373-74, 312 P3d 515 (2013) (case remanded to the trial court to allow the defendant to challenge venue under Article I, section 11, and allow the court to hold an evidentiary hearing).

With those concerns in mind, in our exercise of our discretion to correct the unpreserved error at issue in this case, we do so with "utmost caution" by vacating defendant's convictions and remanding with an instruction limited to remedying the failure to conduct OEC 403 balancing by providing the opportunity to conduct such balancing, allowing a new trial only if the balancing reveals that one is necessary. If, upon balancing, the trial court determines that the admission of the challenged evidence was unfairly prejudicial, it will order a new trial. If the trial court determines that the admission of the challenged evidence was not unfairly prejudicial, it will reinstate the judgment. Correcting the error in that manner does not undermine principles of judicial economy. *See State v. Dorsey*, 259 Or App 441, 447, 314 P3d 331 (2013) ("'[T]he error [can] be corrected on remand with a minimum of expenditure of judicial time and resources, and thus it does not undercut or offend notions of judicial efficiency.'" (Quoting *State v. Medina*, 234 Or App 684, 688, 228 P3d 723 (2010)).)

Reconsideration allowed; former disposition withdrawn; judgment in A154491 vacated and remanded; judgment in A154492 affirmed.