No. 23 April 27, 2017 377

IN THE SUPREME COURT OF THE
STATE OF OREGON

STATE OF OREGON,
*Petitioner on Review,*

*v.*

EDWARD JONES ZAVALA,
*Respondent on Review.*

(CC 122847, 130820; CA A154491 (Control), A154492;
SC S064072) (Control)

STATE OF OREGON,
*Respondent on Review,*

*v.*

EDWARD JONES ZAVALA,
*Petitioner on Review.*

(CC 122847, 130820; CA A154491 (Control), A154492;
SC S064051)

On review from the Court of Appeals.*

Argued and submitted November 14, 2016.

Erica Herb, Deputy Public Defender, argued the cause and filed the briefs for petitioner on review Edward Zavala and respondent on review Edward Zavala. Also on the briefs was Ernest G. Lannet, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause and filed the brief for respondent on review State of Oregon and petitioner on review State of Oregon. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Brewer, and Nakamoto, Justices, and Baldwin, Senior Justice, Justice pro tempore.**

_____

\* On appeal from a judgment of the Lincoln County Circuit Court, Thomas O. Branford, Judge. 276 Or App 612, 368 P3d 831 (2016).

\*\* Flynn, J., did not participate in the consideration or decision of this case.

WALTERS, J.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.

## WALTERS, J.

In this case, a prosecution for child sex abuse, the trial court admitted other acts evidence over defendant's objection and without conducting OEC 403 balancing. The Court of Appeals concluded that that failure to balance was error apparent on the record under ORAP 5.45(1), in light of this court's decision in *State v. Williams*, 357 Or 1, 346 P3d 455 (2015), and exercised its discretion to correct the error. *State v. Zavala*, 276 Or App 612, 614, 368 P3d 831 (2016). The Court of Appeals vacated defendant's convictions and remanded to the trial court to permit that court to conduct OEC 403 balancing and determine whether defendant was prejudiced by the admission of the challenged evidence. *Id*. at 622. For the reasons that follow, we reverse the decision of the Court of Appeals and affirm the trial court's judgment of conviction.

Defendant was charged with three counts of first-degree sexual abuse of K and T, the daughters of defendant's ex-girlfriend. Defendant admitted to tickling the victims, but he denied that he had intentionally touched a sexual or intimate part of the victims with a sexual purpose. To sustain a conviction under ORS 163.305(6), the state was required to prove that the contact was "for the purpose of arousing or gratifying the sexual desire of" defendant. During defendant's bench trial, the state sought to introduce evidence of an uncharged incident of inappropriate sexual conduct by the defendant against one of the victims, in the form of the testimony of a former coworker of the victims' mother. Defendant objected to the testimony, arguing that it was "an inadmissible prior bad act." The court stated that the evidence appeared to be admissible for the nonpropensity purpose of proving defendant's sexual predisposition for the victim, under *State v. McKay,* 309 Or 305, 308, 787 P2d 479 (1990), but the court invited the parties to conduct additional research and raise the issue later. Defendant did not raise the issue again, and the trial court found defendant guilty on all three counts.

Defendant appealed to the Court of Appeals, assigning error to the trial court's admission of the uncharged misconduct evidence. The Court of Appeals affirmed without

opinion. *State v. Zavala*, 270 Or App 351, 350 P3d 234 (2015). Thereafter, this court decided *Williams*, and defendant petitioned for reconsideration in light of that case, arguing that the trial court had erred in failing to subject the other acts evidence to OEC 403 balancing.

The Court of Appeals granted defendant's petition and considered defendant's argument to be unpreserved. *Zavala*, 276 Or App at 616-17. Nevertheless, the court evaluated whether there was error "apparent on the face of the record," under ORAP 5.45(1). *Id*. at 617. To make that decision, the court looked to whether the trial court's failure to conduct balancing under OEC 403 was error when measured against the law at the time of the petition for reconsideration, not the law as it existed at the time of the trial court's decision. *Id*. (citing [*State v. Jury*](), 185 Or App 132, 139, 57 P3d 970 (2002), *rev den*, 335 Or 504, 72 P3d 636 (2003)). Under that rubric, the court concluded that, because *Williams* requires OEC 403 balancing and because it was apparent from the record that the trial court had not engaged in that balancing, the error was "plain."[1] *Id*. at 617-18.

The next step in the Court of Appeals' analysis was to decide whether to exercise its discretion to correct that error. *Id*. at 618. First, the court said, "the error was grave and the ends of justice incline toward correcting it." *Id*. Second, the court determined, "exercising our discretion in this case to correct the error would not undermine the policies behind the general rule requiring preservation." *Id*. The court understood *Williams* to require that a defendant request balancing, but considered as countervailing factors both that, pre-*Williams*, "the essential role of OEC 403 balancing was not manifest" and that failure to conduct that balancing could be corrected by a limited remand for that purpose. *Id*. The court explained that "defendant may not have been at all prejudiced by the trial court's failure to conduct OEC 403 balancing"; if the court had balanced, it may have admitted the evidence. *Id*. at 621. As a result, the court

---

[1] When used to describe a trial court's ruling that was not erroneous under existing law, the term "plain error" is a misnomer; it does not imply any mistake by a trial court. Instead, it is a label that an appellate court uses when it decides that a party is entitled to a benefit of a change in the law.

deemed it unclear "that an outright reversal is permitted or appropriate." *Id*. In that circumstance, the court said,

> "a conditional remand is appropriate because, in essence, we have an inadequate record on which to conduct plain error review; a conditional remand offers a means to balance the defendant's interest in having his trial conducted in a manner that complies with due process, with the constitutional and prudential constraints on reversing judgments when the harm to the defendant is speculative on the record before the appellate court."

*Id*. at 622. The court vacated defendant's convictions and remanded the case to the trial court for balancing. *Id*.

Both parties petitioned for review in this court, and we allowed review of both petitions. In this court, each party challenges a different aspect of the Court of Appeals' analysis. The state challenges the court's conclusion that the trial court's failure to balance constitutes "plain error." The state argues that, when evidence is offered under OEC 404(4), a trial court has no duty to conduct OEC 403 balancing unless a party specifically requests it. Because defendant in this case did not do so, the state contends, the trial court neither erred nor committed "plain error." Defendant, on the other hand, applauds the Court of Appeals' "plain error" analysis but challenges its decision to remand the case to the trial court for rebalancing. Retrial, defendant argues, is required.

Before we address ORAP 5.45(1) and how it may apply in this case, we think it important to clarify the purpose for which the challenged evidence was admitted and the rules of evidence that govern its admission. In *[State v. Baughman](#)*, 361 Or 386, 403-04, __ P3d __ (2017), also decided today, this court clarified what it meant when it said, in *Williams*, that, in criminal cases, OEC 404(4) supersedes OEC 404(3). We explained that OEC 404(4) supersedes only the first sentence of OEC 404(3) and that a trial court may admit nonpropensity evidence under the second sentence of that rule:

> "In criminal cases, OEC 404(4) makes other acts evidence *admissible* to prove a defendant's character, subject to specified rules of evidence and the state and federal constitutions. Consequently, OEC 404(4) supersedes the first

sentence of OEC 404(3), which provides that '[e]vidence of other crimes, wrongs or acts is *inadmissible* to prove the character of a person in order to show that the person acted in conformity therewith.' (Emphasis added.) However, OEC 404(4) does not supersede the second sentence of OEC 404(3), which provides that other acts evidence 'may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.' If other acts evidence is not proffered to prove a defendant's character, but instead is offered for a nonpropensity purpose, then analysis under OEC 404(4) is unnecessary; the evidence 'may be admissible' under the second sentence of OEC 404(3)."

*Id*.

In this case, the trial court admitted evidence of defendant's uncharged sexual acts for the nonpropensity purpose of demonstrating defendant's sexual predisposition for the victim. *See McKay*, 309 Or at 308 (holding prior acts evidence involving same victim admissible to "demonstrate the sexual predisposition this defendant had for this particular victim"). That evidence was relevant under the second sentence of OEC 404(3) and admissible under OEC 403, unless its probative value was substantially outweighed by the danger of unfair prejudice. *Baughman*, 361 Or at 404.

When we then consider ORAP 5.45(1), it is therefore more correct to focus not on the steps that a party must take to preserve an objection to the admission of evidence under OEC 404(4), but on the steps that a party must take under OEC 404(3). Whether we focus on OEC 404(4) or OEC 404(3), however, the state is correct that, when a party contends, on appeal, that a trial court erred in admitting other acts evidence, the party generally is required to demonstrate that it objected to that evidence. *See State v. Turnidge*, 359 Or 364, 430, 374 P3d 853 (2016) (court assesses admissibility of evidence under OEC 404(3) and OEC 403 "in response to a proper motion"); *Williams*, 357 Or at 19 (when party objects to evidence offered under OEC 404(4), trial court must conduct balancing under OEC 403).

In this case, defendant met that requirement: He objected to the evidence of defendant's uncharged acts of abuse as "improper character evidence." Thus, when the

state argues that trial courts should not be required to "comb through evidence on their own to see if any part might be objectionable," it is making an argument that is inapposite. The state's more pertinent argument is that, when a party objects to evidence proffered for a nonpropensity purpose under OEC 404(3), the party specifically must request balancing under OEC 403, or balancing is not required. Whether that was required, pre-*Williams*, was not entirely clear.

In pre-*Williams* cases, parties generally objected to the improper admission of other acts evidence that was offered for nonpropensity purposes as improper character evidence, under OEC 404(3). *See State v. Andrews*, 262 Or App 161, 164-65, 324 P3d 534 (2014) (characterizing parties' arguments before trial court as focusing on admissibility of other acts evidence under OEC 404(3)). In *State v. Shaw*, 338 Or 586, 611-12, 113 P3d 898 (2005) (quoting *State v. Johnson*, 313 Or 189, 195, 832 P2d 443 (1992)), this court explained that a three-part test governs the admissibility of other acts evidence under OEC 404(3), which includes determining whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under OEC 403:

> "'(1) The evidence must be independently relevant for a noncharacter purpose \*\*\*; (2) the proponent of the evidence must offer sufficient proof that the uncharged misconduct was committed and that defendant committed it; and (3) the probative value of the uncharged misconduct evidence must not be substantially outweighed by the dangers or considerations set forth in OEC 403.'"

However, after *Shaw*, the Court of Appeals continued to hold, as it had before *Shaw*, that, when other acts evidence is proffered for a nonpropensity purpose, OEC 404(4) "essentially prohibits balancing 'the probative value of relevant uncharged misconduct evidence against its prejudicial effect.'" *Andrews*, 262 Or at 167 (quoting *State v. Teitsworth*, 257 Or App 309, 316 n 4, 304 P3d 793 (2013)). Thus, in this case, the trial court may not have understood defendant's OEC 404(3) objection as seeking application of *Shaw*'s three-part test, and the trial court could have been adhering to the instruction of the Court of Appeals in *Andrews* when it

admitted the evidence of defendant's uncharged misconduct without balancing under OEC 403.

Because it was unclear, pre-*Williams*, whether balancing was required in response to an objection under OEC 404(3), post-*Williams* appellate review of cases tried pre-*Williams* poses thorny questions. On the one hand, it seems counterintuitive to say that, in a pre-*Williams* case, a trial court committed error, much less plain error, by not conducting OEC 403 balancing, when the trial court reasonably could have understood that such balancing was prohibited. And, because other acts evidence offered for a nonpropensity purpose often will have probative value that outweighs the unfair prejudice that it poses, admission of such evidence is not necessarily erroneous. As we said in *Williams*, 357 Or at 19, and reiterated in *Baughman*, 361 Or at 405,

> "'other acts' evidence that is offered for nonpropensity purposes—*i.e.*, to prove motive, intent, identity, or lack of mistake or accident—generally will be admissible as long as the particular facts of the case do not demonstrate a risk of unfair prejudice that outweighs the probative value of the evidence."

On the other hand, in this case, defendant arguably preserved his OEC 403 argument under *Shaw* and, even if he did not, his failure to do so does not necessarily preclude appellate review under ORAP 5.45(1).

We need not work our way through that briar patch today.[2] Even giving defendant the benefit of the doubt and assuming, for the purposes of this case, that he preserved his argument that the trial court erred in failing to conduct balancing under OEC 403, the trial court's error, if any, did not significantly affect the court's decision to admit the evidence.

This is not a case, like *Baughman*, in which the court committed legal error by giving the challenged evidence weight for nonpropensity purposes when it was not relevant for those purposes. 361 Or at 410-11. As we explained in *Baughman*, such an error may significantly affect the

---

[2] We also need not decide what a defendant must do, post-*Williams*, to preserve an objection to the admission of other acts evidence.

court's decision about whether to admit the evidence. *Id*. at 409. Rather, this is a case, like *McKay*, 309 Or at 308, in which the evidence appeared to be relevant for a nonpropensity purpose—to prove defendant's sexual disposition for the victim. Such nonpropensity evidence is generally admissible, unless, of course, the particular facts demonstrate a risk of prejudice that substantially outweighs its probative value. *Williams*, 357 Or at 19-20; *Shaw*, 338 Or at 612. At trial in this case, the court cited *McKay* and gave defendant an opportunity to argue that his case was different. Defendant did not contend that it was or that the particular facts of his case demonstrated a risk of unfair prejudice that substantially outweighed the probative value of the evidence. *See Williams*, 357 Or at 19 (permitting that demonstration). And defendant again fails to make either argument before this court.[3] In the absence of a meritorious argument that could persuade a trial court to exclude the challenged evidence, we conclude that the trial court's failure to conduct balancing under OEC 403 did not significantly affect its decision to admit that evidence. Consequently, we also conclude that there was little likelihood that the trial court's error affected its judgment of conviction. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (error requires reversal unless reviewing court can conclude that there was little likelihood that trial court's error affected conviction).

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.

---

[3] In this court, defendant contends that his theory of the case was that the victims' mother was angry with him and that she convinced the victims to falsify their accusations against defendant. Thus, defendant argues, evidence that another woman saw defendant commit uncharged acts of abuse was extremely prejudicial because it directly refuted defendant's theory. The problem with that argument is that it does not take into consideration the cognizable probative value of the evidence—to establish that defendant had a sexual predisposition toward the victims. Defendant does not argue that any unfair prejudice that the evidence poses substantially outweighs that probative value.